1  RICHARD E. BROMLEY (SBN 156260)
   rbromley@constangy.com
2  SABRINA M. LY (SBN 307437)
   sly@constangy.com
3  **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
   2029 Century Park East, Suite 1100
4  Los Angeles, California 90067
   Telephone:  (310) 909-7775
5  Facsimile:  (424) 465-6630

6  Attorneys for Defendant
   AMERICOLD LOGISITCS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JOSE ARECHIGA, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>AMERICOLD LOGISTICS, LLC, a Georgia limited liability company; and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION); EXHIBITS AND DECLARATION OF ZANDRA HALL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF JOSE ARECHIGA AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Americold Logistics, LLC (hereinafter "Defendant") files this Notice of Removal.  This action is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because of the diversity of citizenship between the parties.

In compliance with 28 U.S.C. § 1446(a), Defendant asserts the following grounds for removal:

**I.    SUMMARY**

1. On or about June 29, 2021, Plaintiff Jose Arechiga ("Plaintiff") commenced the aforementioned action against Defendant by filing a Complaint in the

Superior Court of the State of California, County of San Bernardino, entitled *Jose Arechiga. v. Americold Logistics, LLC,* Case No. CIVSB2118986 (hereinafter the "State Court Action").  (**Exhibit A.**)  The Summons and Complaint, along with various other attachments in the State Court Action, were served on Defendants on July 15, 2021.  (A true and correct copies of the Notice of Service of Process is attached hereto as **Exhibit B**.)

2. Plaintiff's Complaint alleges seven claims against Defendant for:  (1) discrimination based on disability; (2) retaliation in violation of FEHA; (3) failure to prevent discrimination and retaliation; (4) failure to accommodate disability; (5) failure to engage in the interactive process; (6) violation of the California Family Rights Act; and (7) wrongful termination in violation of public policy.  (**Exhibit A.**)

3. On August 11, 2021, Defendant filed its Answer to the Complaint ("Answer") in the Superior Court of the State of California in and for the County of San Bernardino, as required by the California Code of Civil Procedure.  A true and correct copy of that Answer is attached hereto as **Exhibit C** and is incorporated herein by this reference as if set forth in full.

4. Additional documents that are part of the State Court Action are attached hereto as **Exhibit D**.

5. To Defendant's knowledge, the documents described above constitute all of the state court pleadings, process, and orders to date.

6. This Notice is timely filed in that it is filed within thirty (30) days of the first service of the Summons and Complaint on Defendant.  *See* 28 U.S.C. § 1446(b).

7. Defendant will serve written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d) and will file a Notice of Removal with the clerk of the Superior Court of the State of California in and for the County of Orange, as further required by that statute.

///

///

## II.  DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

7. This matter is a civil action within the meaning of 28 U.S.C. § 1331, and is one over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). It is an action which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b). Specifically, this action involves citizens of different states and complete diversity. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff alleges that he suffered past and future lost income and benefits, general damages, penalties, punitive damages, and attorneys' fees.

### A.  Complete Diversity Pursuant To 28 U.S.C. § 1332 Exists In This Case.

8. Plaintiff is, and at all times relevant to this lawsuit was, a resident and citizen of the State of California. (**Exhibit A** at ¶ 1.)

9. Defendant is, and was at the time of the institution of this civil action, a limited liability company organized under the laws of the State of Delaware. (Declaration of Zandra Hall ["Hall Decl."], attached hereto as **Exhibit E**, ¶¶ 4-7.) Defendant's corporate headquarters and principal place of business are located in Atlanta, Georgia. (*Id.*) All of Defendant's senior officers and executives are located in Atlanta, Georgia, which is the "nerve center" for the entire company. (*Id.*) Defendant has never been incorporated or organized in the State of California, and it has never had its headquarters or principal place of business located in California. (*Id.*)

10. A "limited liability company ('L.L.C.') is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction." *TPS Utilicom Servs., Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002); *see also Sonoma Falls Dev., LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 922 (N.D. Cal. 2003). "For diversity, the citizenship of each member of the partnership must be considered." *TPS Utilicom*, 223 F. Supp. 2d at 1101.

11.     Here, the members of Defendant, as well its respective members, are diverse in citizenship from Plaintiff given that none of the members or owners are citizens of California, none have headquarters in California, and none are incorporated in California. (Hall Decl. ¶¶ 4-7.) In sum, Defendant is not a citizen of the State of California. Plaintiff and Defendant therefore are "citizens of different States" under 28 U.S.C. § 1332(a). *See also Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).

12.     The Complaint also names as defendants "Does 1 - 50," which Plaintiff alleges are individuals or entities that are sued under "fictitious names." (**Exhibit A** at ¶ 4.) Does 1 to 50 are fictitious defendants which are not parties to this action, are not required to join in a removal petition, and must be disregarded for removal purposes. *See* 28 U.S.C. §§ 1441(a) and 1447(e); *Soliman*, 311 F.2d at 971; *Fristoe*, 615 F.2d at 1213. Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on Defendant's ability to remove this case to federal court.

### B.     The Amount In Controversy Regarding Plaintiff's Claims Exceeds $75,000.

13.     Removal is proper if, from the allegations in the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000. *Sanchez v. Monument Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Where a specific amount of damages is not alleged with respect to each claim, the removing Defendant must show that it is more likely than not that the amount in controversy exceeds the statutory minimum. *Sanchez v. Monumental Life Insurance Co.,* 102 F.3d 398 (9th Cir. 1996).

14. Plaintiff's Complaint seeks recovery of "lost wages, lost bonuses, lost benefits, and other pecuniary loss," and damages for "nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety" as well as back pay, front pay, general damages, punitive damages, and attorneys' fees. (*See* **Exhibit A,** Complaint at ¶¶ 21, 22, 28, 31, 32, 33, 39, 42, 43, 44, and Prayer for Relief at pp. 21-22.)

15. Defendant denies that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, Defendant does not waive any defenses that may otherwise be available to it. Without waiving this position, and in light of the allegations of Plaintiff's Complaint, the amount in dispute in this matter exceeds $75,000 exclusive of interest and costs. Plaintiff was a full-time employee who was paid an hourly rate of $20.10 per hour at the time that his employment was terminated. (Hall Decl., ¶ 8.)

16. Plaintiff seeks recovery for lost wages in his Complaint. Past and future lost wages may be considered when evaluating the amount in controversy for purposes of diversity jurisdiction in a removed case. *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *4, n.1 (E.D. Cal. June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, but it may consider both past **and future lost wages**.") (emphasis added; *citing Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006). In *Kroske,* the Ninth Circuit affirmed the district court's finding that the amount in controversy for a case removed to federal court would exceed $75,000 where the district court's calculation relied on both past and future wages. *Kroske, supra,* 432 F.3d at 980. Indeed, other district courts in California have "projected lost wages through trial to determine whether the jurisdictional amount in controversy has been met" for cases removed to federal court based on diversity jurisdiction. *Thompson v. Big Lot Stores, Inc.*, 2017 WL 590261, at *3 (E.D. Cal. Feb. 13, 2017) (district court affirmed removal diversity jurisdiction based on past lost wages and

projected future lost wages through trial); *Tiffany v. O'Reilly Auto. Stores, Inc.*, 2013 WL 4894307, at *2-4 (E.D. Cal Sept. 11, 2013) (district court affirmed removal diversity jurisdiction based on past lost wages and projected future lost wages through trial); *see also James, supra*, at *4 & n.1 (court considered future lost wages in determining the amount in controversy for purposes of removal based on diversity jurisdiction).

17. Here, Plaintiff earned approximately $804.00 per week (*i.e.*, $20.10 multiplied by 40 hours per week). Plaintiff's past lost wages from March 19, 2019 until now are approximately $101,304.00 ($804.00 per week times 126 weeks, which is from March 19, 2019 to August 13, 2021). Assuming a likely trial date in or about August 2022, Plaintiff's lost wages for one year (August 2021 to August 2021) would be $41,808.00. Therefore, Plaintiff's total claimed damages for past and future lost wages more than likely totals at least **$143,112.00** (*i.e.,* $101,304.00 plus $41,808.00 equals $143,112.00). Indeed, that sum does not include his purported lost benefits, which he also claims in his Complaint.

18. Plaintiff further claims that he has suffered and continues to suffer, "nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety" as a result of Defendant's actions. (*See* **Exhibit A,** Complaint at ¶¶ 28 and 39)  Emotional distress damages may be considered when calculating the amount in controversy even when not clearly pled in the Complaint. *Simmons v. PCR Tech.,* 209 F.Supp.2d. 1029, 1034 (N.D. Cal. 2002); *Richmond v. Allstate, Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) ("the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial"). Conservatively assuming that Plaintiff's emotional distress damages are equal to approximately 25% of Plaintiff's economic damages, the amount would total about **$35.778.00**.

19. Plaintiff also seeks punitive damages in his Complaint. A determination of the amount in controversy may include punitive damages when they are recoverable as a matter of law. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir.2001); *Miller v. Michigan Millers Ins. Co.,* 1997 WL 136242, *4 (N.D.Cal.1997); *Richmond v. Allstate Ins. Co.,* 897 F.Supp. 447, 450 (S.D.Cal.1995). Plaintiff's action is brought pursuant to the FEHA. Punitive damages are available under FEHA. Cal. Gov't Code § 12940. Accordingly, the court may consider punitive damages when determining the amount in controversy. To that end, Defendant highlights jury verdicts from cases with similar causes of action where substantial punitive damages were awarded. *See e.g., Prasad v. University of Cal. Davis Med. Ctr.,* JVR No. 802857 ($60,000 punitive damage award); *Carrol v. Interstate Brands Corp. dba Wonderbread, dba Hostess & dba Dolly Madison, et al.,* Cal.Super.Ct. for the County of San Francisco Case No. 995728, 1 C.E.L.M. 68 (Sept.2000) ($121,000,000 punitive damage award); *Lane v. Hughes Aircraft Co.,* JVR No. 801112 ($40,000,000 punitive damage award). The fact that the cited cases involve distinguishable facts is not dispositive. Notwithstanding these differences, the jury verdicts in those cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases. Moreover, California courts hold that the ratio between compensatory damages and punitive damages "should generally be no higher than 4 to 1 and almost never more than 9 to 1." *Gober v. Ralphs Grocery Co.*, 137 Cal.App.4th 204 (2004), *citing State Farm Mut. Auto. Ins. Co. v. Campell*, 538 U.S. 408, 425, 123 S.Ct. 1513 (2003). Using the lower ratio of 4 to 1 and assuming Plaintiff's compensatory damages are approximately $178,890.00, Plaintiff can be expected to potentially recover **$715,560.00** in punitive damages.

20. Finally, Plaintiff is claiming attorneys' fees in connection with his claims under the California Fair Employment and Housing Act. "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS*

*Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998). "When assessing the amount in controversy, the court considers the amount of attorneys' fees to be accrued throughout the entirety of the litigation." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012), *citing Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1034 (N.D.Cal.2002). *See also*, *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015); *Garcia v. ACE Cash Express, Inc.,* 2014 WL 2468344, at *5 (C.D.Cal. May 30, 2014). "The Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement. 'Even a minimal award of attorney's fees would cause the amount in controversy to exceed the jurisdictional minimum.'" *Cain*, 890 F. Supp. 2d at 1250, *quoting Haase, supra,* at *5. Furthermore, courts routinely award attorneys' fees well over $75,000 in cases such as this one.

21. Thus, the amount in dispute in this case is well in excess of the jurisdictional minimum of $75,000. Based on the conservative figures above, Plaintiff is claiming at the very least **$894,450.00** in economic damages, emotional distress, penalties, and punitive damages. And that amount does not include the amount he claims for attorney's fees. Given the claims and allegations in this case, if Plaintiff prevails at trial, it is more likely than not that his damages will exceed the jurisdictional minimum identified in 28 U.S.C. § 1332(a).

22. Based on the foregoing, Defendant plainly has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.

23. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed by Defendant to this Court pursuant to 28 U.S.C. § 1441(a). It is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. It also is between citizens of different states.

## III. <u>VENUE</u>

24. Venue is proper in this district, pursuant to 28 U.S.C. §§ 84(c)(1) and 1441(a), because the action was pending in the San Bernardino County Superior Court.

25. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a) because this Court's territorial jurisdiction includes San Bernardino County, California, where the state court action was filed and is pending.

For all of the foregoing reasons, Defendant respectfully submits that the State Court Action is removable to this Court under 28 U.S.C. §§ 1332(a) and 1441(b).

WHEREFORE, Defendant prays that this action stand and remain removed from the Superior Court to this Court.

Dated:  August 13, 2021        CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

By: _____
Richard E. Bromley
Sabrina M. Ly
Attorneys for Defendant
AMERICOLD LOGISTICS, LLC