# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

# 87463



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** AMERICOLD LOGISTICS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSE ARECHIGA, an individual



**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 0 8 2021

BY _____
NATHANIEL JOHNSON, DEPUTY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

| The name and address of the court is: Civil Division - San Bernardino Justice Center<br>*(El nombre y dirección de la corte es):*<br>247 W 3rd St.<br>San Bernardino, CA 92415 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CIV SB 2 1 1 8 9 8 6 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado, o del demandante que no tiene abogado, es):*
Eliot Rushovich, Lisa Watanabe-Peagler & Elissa Waizman, Rise Law Firm, PC
8383 Wilshire Boulevard, Suite 315, Beverly Hills, CA 90211; (310) 728-6588

| DATE:<br>*(Fecha)* JUL 0 8 2021 | Clerk, by **Nathaniel Johnson** | , Deputy |
| --- | --- | --- |
| | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Americold Logistics, LLC, a Georgia limited liability company
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Corporation Code: 17061 (Limited Liability Company)
4. ☐ by personal delivery on *(date):*

---

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
| --- | --- | --- |

**EXHIBIT A - PAGE 2**

**RISE LAW FIRM, P.C.**
ELIOT J. RUSHOVICH (SBN 252343)
LISA WATANABE-PEAGLER (SBN 258182)
ELISSA A. WAIZMAN (SBN 329959) ·
8383 Wilshire Boulevard, Suite 315
Beverly Hills, CA 90211
Telephone: (310) 728-6588
Facsimile: (310) 728-6560
eliot@riselawfirm.com
lisa@riselawfirm.com
elissa@riselawfirm.com

Attorneys for Plaintiff
JOSE ARECHIGA

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 2 9 2021

BY _____
NATHANIEL JOHNSON, DEPUTY

COPY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JOSE ARECHIGA, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>AMERICOLD LOGISTICS, LLC, a Georgia limited liability company; and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No. **CIV SB 2 1 1 8 9 8 6**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **DISCRIMINATION BASED UPON DISABILITY IN VIOLATION OF THE FEHA – GOVT. CODE §§ 12940 *ET SEQ.*;**<br><br>2. **RETALIATION IN VIOLATION OF THE FEHA – GOVT. CODE §§ 12940 *ET SEQ.*;**<br><br>3. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FEHA – GOVT. CODE §§ 12940 *ET SEQ.*;**<br><br>4. **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF THE FEHA – GOVT. CODE §§ 12940 *ET SEQ.*;**<br><br>5. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA – GOVT. CODE §§ 12940 *ET SEQ.*;**<br><br>6. **VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT – GOVT. CODE §§ 12945.2 *ET SEQ.*; AND**<br><br>7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>[DEMAND FOR JURY TRIAL] |

COMPLAINT FOR DAMAGES

1     Plaintiff Jose Arechiga ("Plaintiff") hereby brings his Complaint for Damages against Defendants

2    Americold Logistics, LLC, a Georgia limited liability company, and Does 1 through 50, inclusive, and

3    alleges the following based on knowledge as to herself and her known acts, and on information and belief

4    as to all other matters:

5                                        **I.**

6                                   **PARTIES**

7     1.     Plaintiff was employed by Americold Logistics, LLC (the "Company") in San Bernardino

8    County.  The unlawful conduct alleged to have been committed occurred in San Bernardino County.

9    Plaintiff is, and at the relevant times mentioned herein was, a resident of San Bernardino County.

10    2.     At the relevant times mentioned herein, the Company was a Delaware limited liability

11   company with its headquarters in Atlanta, Georgia.  At the relevant times mentioned herein, the Company

12   had a facility in San Bernardino County and did business in San Bernardino County.

13    3.     At the relevant times mentioned herein, the Company was an "employer" of Plaintiff, as

14   such term is defined under the California Fair Employment and Housing Act (as amended), in that it

15   regularly employed five (5) or more persons.  Therefore, the Company was subject to the FEHA.   In

16   addition, at the relevant times mentioned herein, the Company was an "employer" of Plaintiff, as such

17   term is defined under the California Family Rights Act ("CFRA") in that it had 50 or more employees

18   on the payroll during each of any 20 or more calendar weeks in the current calendar year or the preceding

19   calendar year.  Therefore, the Company was subject to the CFRA.

20    4.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES

21   1 through 50, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will

22   amend this complaint to allege the true names and capacities of said defendants when the same has been

23   ascertained.  Each of the fictitiously named defendants is responsible in some manner for the acts

24   complained of herein.  Unless otherwise stated, all references to named defendants shall include DOE

25   defendants as well.

26   ///

27

28

## II.

## JURISDICTION AND VENUE

5.     Jurisdiction and venue are proper in this Court because the unlawful conduct alleged to have been committed occurred in San Bernardino County and defendants were and/or are residents of San Bernardino County or are doing or did business in San Bernardino County. *See also* Govt. Code § 12965(b) (stating venue is appropriate in, *inter alia*, any county in which the unlawful conduct is alleged to have been committed or within the county of defendant's residence or principal office).

6.     The amount in controversy in this matter exceeds the sum of $25,000.00, exclusive of interest and costs.

## III.

## FACTUAL ALLEGATIONS

7.     Plaintiff was employed by the Company from December 1, 2010 until the termination of his employment on March 19, 2019. Americold provides temperature-controlled warehousing and transportation to food producers, restaurants, schools, and retail outlets such as grocery stores. Throughout his employment, Plaintiff worked as a Lift Truck Operator ("LTO") at the Company's warehouse facility in Ontario, California.

8.     During his employment, Plaintiff suffered from, and continues to suffer from, various medical conditions that limited his ability to work, including, but not limited to, diabetes, hypertension, extremely high/elevated white cell count and nervous system issues. These medical conditions required Plaintiff to take time off from work to obtain treatment and/or recover from the conditions and related symptoms.

9.     In 2012, Plaintiff requested, and the Company approved, CFRA/FMLA intermittent leave for him to be able to seek treatment or recover from these medical conditions pursuant to his doctor's directives. From 2012 to mid-2018, Plaintiff continued to take approved FMLA intermittent leave each year (12 weeks in 2-hour increments). In each instance, Plaintiff would complete the Company's vacation/time out form for the days and/or hours he would need to take leave for and submit it to the shift supervisor.

- 3 -
COMPLAINT FOR DAMAGES

10.     Starting in September 2018, Plaintiff was informed that the Company was using the services of Cigna Leave Solutions to handle his intermittent leave.  Plaintiff was therefore advised that he needed to start reporting his absences not only to the Company through a completed vacation/time off form; but also to Cigna by contacting a designated phone number (888-842-4462) and leaving a message stating the date and time of his intermittent time off.  Plaintiff therefore complied with the Company's directives and for each absence thereafter he completed a vacation/time off form, gave it to one of the shift supervisors (typically Jenny Wilson but sometimes, Erock Gonzalez or David Rice), and then called and left a message with Cigna on the designated phone number.  Over the next few months, Plaintiff had no issues and at one point, he received a letter from Cigna on or about December 6, 2018 confirming that the various absences he had reported in messages to Cigna from September 6 to November 19, 2018 had been approved.

11.     On November 21, Plaintiff received a letter from Virginia Hoppe in Human Resources for the Company notifying him that he had to failed to report his absences on October 1, 3, 10, 11, 12, 13, 16, 22, 23, 24 as well as November 2, 8, 16, 19 and 21.  However, several of these absences had been reported and approved by Cigna as verified in its letter to Plaintiff dated December 6, 2018.

12.     On November 28, Plaintiff received a second letter from Hoppe stating that he had failed to report additional absences on November 23, 27 and 28.  Moreover, on December 18, Plaintiff received a third letter from Hoppe stating he had failed to report his absences on November 27 and December 5, 7, 10 and 11 to 14.  Plaintiff alleges that he properly reported all of the absences identified in these letters.

13.     On January 10, 2019, Plaintiff was surprised to receive a verbal warning because the following dates were denied by Cigna on December 31, 2018 due to "exceeding parameters:" November 27, December 5, 6, 7, 10, 11, 12, 13 and 14.  In this case, the Company stated that the absences were unexcused and subject to the attendance policy.  However, Plaintiff disagreed with the basis for the verbal warning because he believed he had remaining time to cover these absences.  Plaintiff also reminded the Company that most, if not all, of these absences were related to his physical disabilities.

14.     Two weeks later, on January 24, 2019, Plaintiff received a written warning for failure to report certain dates he took for intermittent leave to Cigna.  Specifically, the written warning states Plaintiff failed to report his FMLA hours to Cigna for December 19, 25, 27, 29; and January 2 and 3.

1   Once again, Plaintiff disagreed with the basis for this warning and repeatedly told the Company he had

2   in fact left messages with Cigna for each of these absences as he had been doing up until that point.

3   Plaintiff nevertheless called Cigna again and left a message about the absences out of abundance of

4   caution.

5        15.   On February 12, 2019, Plaintiff received a <u>second</u> written warning for failing to report

6   his CFRA/FMLA hours to Cigna for January 8, 9, 10, 15, 19, 23, 24, 25, 28 and February 5 and 6. The

7   warning was signed by Alex Silva, Luis Moreno and Ron Hatch, the General Manager. The Company

8   directed him to contact Cigna and report the hours by February 15, or else he would be suspended without

9   pay on February 20 and 21. Once again, Plaintiff disagreed with the basis for this warning and repeatedly

10  told the Company he had in fact left messages with Cigna for each of these absences as he had been

11  doing all along. Nevertheless, Plaintiff immediately contacted Cigna again to report these hours by the

12  deadline using the Cigna phone number stated on the warning (888-842-4462). The Company, however,

13  still suspended his employment on February 20 and 21 without pay.

14       16.   On February 25, 2019, Plaintiff received a letter from Julie Valentine stating that he had

15  failed to report the absences he was told about on February 12; and failed to report recent absences on

16  February 19, 21 and 23. Notably, February 21 was one of the days he was put on suspension. Moreover,

17  the letter stated that he had been given the opportunity to use company phones in a private office setting

18  in order to call Cigna to report his hours. Plaintiff alleges that he had reported all the absences referenced

19  in this letter and denies ever being given an opportunity to use a company phone in a private office

20  setting to contact Cigna at any time.

21       17.   On March 15, the Company sent in a request to terminate Plaintiff's employment that was

22  signed by Valentine, Hatch, Cathy Ledesma (Regional Director of HR) and David Goodall (Regional

23  Director of Labor).

24       18.   On March 19, 2019, after the termination request had been sent in, Plaintiff received

25  another second written warning for failing to report his CFRA/FMLA hours to the Company for February

26  19, 21 and 23. Once again, February 21 was one of the days he was put on suspension. That same day,

27  the Company terminated Plaintiff's employment due to his absences and failure to report his hours to

28

1   Cigna.  During the relevant time period, Plaintiff alleges that he not only reported his hours to Cigna,

2   but he also submitted a completed vacation/time off request form for each date to the Company.

3        19.    Such conduct by the Company, as described in paragraphs 7-18 above, was performed or

4   ratified by its respective managing agents, including, but not limited to, Valentine, Hatch, Ledesma and

5   Goodall (collectively the "Managing Agents").  The Managing Agents were each responsible for

6   overseeing a substantial portion of the Company's business operations, and each exercised substantial

7   discretionary authority over vital aspects of such operations including making significant decisions that

8   affect the Company's internal policies.

9        20.    In committing the foregoing acts as set forth above in paragraphs 7-18 above, the

10  Managing Agents willfully disregarded Plaintiff's right to be free from unlawful discrimination and

11  retaliation at the workplace.  Among other things, the Managing Agents repeatedly disciplined Plaintiff

12  for CFRA/FMLA absences that he insists were properly reported to the Company and Cigna (and some

13  of which had clearly been approved by Cigna) and then unlawfully terminated his employment based in

14  part on those absences that related to his physical disabilities.

15       21.    The Managing Agents engaged in malicious, fraudulent, and oppressive conduct that

16  justifies an award of punitive damages.  In committing the foregoing acts as set forth in paragraphs 7-18

17  above, the Managing Agents acted despicably and subjected Plaintiff to cruel and unjust hardship in

18  conscious disregard for her rights under California law.  By way of example, the Managing Agents

19  terminated his employment because they wanted to punish him for, *inter alia*, having physical disabilities

20  that burdened the Company and requesting reasonable accommodations for those disabilities.  The

21  Managing Agents' conduct demonstrates a callous indifference for the law and Plaintiff's rights.

22       22.    In committing the foregoing acts as set forth in paragraphs 7-18 above, the Managing

23  Agents intended to cause emotional and financial injury to Plaintiff. The Managing Agents discriminated

24  and retaliated against Plaintiff based in part on his physical disabilities and requests for accommodations

25  for such disabilities.  The Managing Agents engaged in the aforementioned conduct with the intent to

26  cause her severe emotional distress or at least without regard for the consequences on Plaintiff's career,

27  livelihood, and his emotional wellbeing.

28  ///

- 6 -

COMPLAINT FOR DAMAGES

## IV.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

23.     Prior to the initiation of this lawsuit, Plaintiff filed a complaint against Defendant with the California Department of Fair Employment and Housing ("DFEH") pursuant to section 12900 *et seq.* of the California Government Code alleging the claims described in this Complaint.  On June 29, 2021, the DFEH issued a "right to sue" letter.  True and correct copies of the administrative complaint and the "right to sue" letter are attached hereto collectively as **Exhibit A**.  All conditions precedent to the institution of this lawsuit have been fulfilled.  This action is filed within one year of the date that the DFEH issued its right to sue letter.

## V.

## FIRST CAUSE OF ACTION

## (Discrimination Based Upon Physical Disability in Violation of the FEHA)

## (On Behalf of Plaintiff Against All Defendants)

24.     Plaintiff realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

25.     As set forth more fully in paragraph 7-18 above, Plaintiff was disabled while employed by the Company. During his employment, Plaintiff suffered from, and continues to suffer from, various medical conditions that limited his ability to work, including, but not limited to, diabetes, hypertension, extremely high/elevated white cell count and nervous system issues.  These medical conditions required Plaintiff to take time off from work to obtain treatment and/or recover from the conditions and related symptoms.  The Company was made aware of Plaintiff's physical disabilities because he informed them and asked for reasonable accommodations during his employment, *i.e.*, intermittent leave from work.

26.     As such, Plaintiff was willing and able to perform the essential job duties of his position if such reasonable accommodations had been made by the Company.  Indeed, at no time would the performance of the functions of Plaintiff's employment position, with said reasonable accommodations for Plaintiff's physical disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of the Company's business.

27.     The Company discriminated against Plaintiff based in part on his physical disabilities and

1  request for accommodations of such physical disabilities, in violation of the FEHA through numerous

2  illegal acts, including, without limitation, those set forth in paragraphs 7-18 above.

3      28.    As a proximate result of the Company's conduct, Plaintiff suffered and continues to suffer

4  damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.

5  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including

6  nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue,

7  and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

8      29.    Such conduct by the Company, as described in paragraphs 7-18 above, was performed or

9  ratified by its Managing Agents.  The Managing Agents were each responsible for overseeing a

10 substantial portion of the Company's business operations, and each exercised substantial discretionary

11 authority over vital aspects of such operations including making significant decisions that affect the

12 Company's internal policies.

13     30.    In committing the foregoing acts as set forth above in paragraphs 7-18 above, the

14 Managing Agents willfully disregarded Plaintiff's right to be free from unlawful discrimination and

15 retaliation at the workplace.  Among other things, the Managing Agents repeatedly disciplined Plaintiff

16 for CFRA/FMLA absences that he insists were properly reported to the Company and Cigna (and some

17 of which had clearly been approved by Cigna) and then unlawfully terminated his employment based in

18 part on these absences that it knew were related to his physical disabilities.

19     31.    The Managing Agents engaged in malicious, fraudulent, and oppressive conduct that

20 justifies an award of punitive damages.  In committing the foregoing acts as set forth in paragraphs 7-18

21 above, the Managing Agents acted despicably and subjected Plaintiff to cruel and unjust hardship in

22 conscious disregard for her rights under California law.  By way of example, the Managing Agents

23 terminated his employment because they wanted to punish him for, *inter alia*, having physical disabilities

24 that burdened the Company and requesting reasonable accommodations for those disabilities.  The

25 Managing Agents' conduct demonstrates a callous indifference for the law and Plaintiff's rights.

26     32.    In committing the foregoing acts as set forth in paragraphs 7-18 above, the Managing

27 Agents intended to cause emotional and financial injury to Plaintiff.  The Managing Agents discriminated

28 and retaliated against Plaintiff based in part on his physical disabilities and requests for accommodations

1  for such disabilities.  The Managing Agents engaged in the aforementioned conduct with the intent to
2  cause her severe emotional distress or at least without regard for the consequences on Plaintiff's career,
3  livelihood, and his emotional wellbeing.

4  33.    The FEHA provides for an award of reasonable attorneys' fees and costs incurred by a
5  prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue
6  to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will
7  continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and
8  costs.

9  34.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this
10 Court.

11                                        **VI.**

12                        **SECOND CAUSE OF ACTION**

13                    **(Retaliation in Violation of the FEHA)**

14              **(On Behalf of Plaintiff Against All Defendants)**

15 35.    Plaintiff realleges and incorporates by reference paragraphs 1-34, inclusive, of this
16 Complaint as though fully set forth herein.

17 36.    California Government Code section 12940(m)(2) makes it an unlawful employment
18 practice for an employer to "retaliate or otherwise discriminate against a person for requesting an
19 accommodation for disability, regardless of whether the request was granted."

20 37.    As set forth more fully in paragraph 7-18 above, Plaintiff was disabled while employed
21 by the Company. During his employment, Plaintiff suffered from, and continues to suffer from, various
22 medical conditions that limited his ability to work, including, but not limited to, diabetes, hypertension,
23 extremely high/elevated white cell count and nervous system issues.  These medical conditions required
24 Plaintiff to take time off from work to obtain treatment and/or recover from the conditions and related
25 symptoms.  The Company was made aware of Plaintiff's physical disabilities because he informed them
26 and asked for reasonable accommodations during his employment, *i.e.*, intermittent leave from work.

27 38.    The Company retaliated against Plaintiff based in part on his physical disabilities and
28 accommodation requests in violation of the FEHA through numerous illegal acts, including, without

- 9 -

COMPLAINT FOR DAMAGES

**EXHIBIT A - PAGE 11**

1  limitation, those set forth in paragraphs 7-18 above.

2       39.    As a proximate result of the Company's conduct, Plaintiff has suffered and will continue

3  to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according

4  to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including

5  nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain,

6  discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

7       40.    Such conduct by the Company, as described in paragraphs 7-18 above, was performed or

8  ratified by its Managing Agents. The Managing Agents were each responsible for overseeing a

9  substantial portion of the Company's business operations, and each exercised substantial discretionary

10  authority over vital aspects of such operations including making significant decisions that affect the

11  Company's internal policies.

12       41.    In committing the foregoing acts as set forth above in paragraphs 7-18 above, the

13  Managing Agents willfully disregarded Plaintiff's right to be free from unlawful discrimination and

14  retaliation at the workplace. Among other things, the Managing Agents repeatedly disciplined Plaintiff

15  for CFRA/FMLA absences that he insists were properly reported to the Company and Cigna (and some

16  of which had clearly been approved by Cigna) and then unlawfully terminated his employment based in

17  part on these absences that it knew were related to his physical disabilities.

18       42.    The Managing Agents engaged in malicious, fraudulent, and oppressive conduct that

19  justifies an award of punitive damages. In committing the foregoing acts as set forth in paragraphs 7-18

20  above, the Managing Agents acted despicably and subjected Plaintiff to cruel and unjust hardship in

21  conscious disregard for her rights under California law. By way of example, the Managing Agents

22  terminated his employment because they wanted to punish him for, *inter alia*, having physical disabilities

23  that burdened the Company and requesting reasonable accommodations for those disabilities. The

24  Managing Agents' conduct demonstrates a callous indifference for the law and Plaintiff's rights.

25       43.    In committing the foregoing acts as set forth in paragraphs 7-18 above, the Managing

26  Agents intended to cause emotional and financial injury to Plaintiff. The Managing Agents discriminated

27  and retaliated against Plaintiff based in part on his physical disabilities and requests for accommodations

28  for such disabilities. The Managing Agents engaged in the aforementioned conduct with the intent to

- 10 -

COMPLAINT FOR DAMAGES

1    cause her severe emotional distress or at least without regard for the consequences on Plaintiff's career,

2    livelihood, and his emotional wellbeing.

3        44.    The FEHA provides for an award of reasonable attorneys' fees and costs incurred by a

4    prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue

5    to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will

6    continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and

7    costs.

8        45.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this

9    Court.

10                                    **VII.**

11                        **THIRD CAUSE OF ACTION**

12    **(Failure to Prevent Discrimination and Retaliation in Violation of the FEHA)**

13            **(On Behalf of Plaintiff Against All Defendants)**

14        46.    Plaintiff realleges and incorporates by reference paragraphs 1-45, inclusive, of this

15    Complaint as though fully set forth herein.

16        47.    California Government Code section 12940(k) makes it an unlawful employment practice

17    for an employer to "fail to take all reasonable steps to prevent discrimination … from occurring."  This

18    provision also makes it unlawful for an employer to fail to prevent retaliation. *See, e.g.*, *Ortiz v. Georgia*

19    *Pacific*, 973 F. Supp. 2d 1162, 1184 (E.D. Cal. 2013) (citing *Taylor v. City of Los Angeles Dep't of Water*

20    *& Power*, 144 Cal. App. 4th 1216, 1240 (2006)).  The Employers violated this provision by failing to

21    prevent discrimination and retaliation against Plaintiff, including those acts described in paragraphs 7-

22    18 above.  Additionally, the Company knew or should have known of the discrimination and retaliation

23    against Plaintiff, yet, failed to prevent such conduct or take any prompt or adequate remedial action.

24        48.    As a proximate result of the Company's conduct, Plaintiff has suffered and will continue

25    to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according

26    to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including

27    nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain,

28    discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

- 11 -
COMPLAINT FOR DAMAGES

49.     Such conduct by the Company, as described in paragraphs 7-18 above, was performed or ratified by its Managing Agents. The Managing Agents were each responsible for overseeing a substantial portion of the Company's business operations, and each exercised substantial discretionary authority over vital aspects of such operations including making significant decisions that affect the Company's internal policies.

50.     In committing the foregoing acts as set forth above in paragraphs 7-18 above, the Managing Agents willfully disregarded Plaintiff's right to be free from unlawful discrimination and retaliation at the workplace. Among other things, the Managing Agents repeatedly disciplined Plaintiff for CFRA/FMLA absences that he insists were properly reported to the Company and Cigna (and some of which had clearly been approved by Cigna) and then unlawfully terminated his employment based in part on these absences that it knew were related to his physical disabilities.

51.     The Managing Agents engaged in malicious, fraudulent, and oppressive conduct that justifies an award of punitive damages. In committing the foregoing acts as set forth in paragraphs 7-18 above, the Managing Agents acted despicably and subjected Plaintiff to cruel and unjust hardship in conscious disregard for her rights under California law. By way of example, the Managing Agents terminated his employment because they wanted to punish him for, *inter alia*, having physical disabilities that burdened the Company and requesting reasonable accommodations for those disabilities. The Managing Agents' conduct demonstrates a callous indifference for the law and Plaintiff's rights.

52.     In committing the foregoing acts as set forth in paragraphs 7-18 above, the Managing Agents intended to cause emotional and financial injury to Plaintiff. The Managing Agents discriminated and retaliated against Plaintiff based in part on his physical disabilities and requests for accommodations for such disabilities. The Managing Agents engaged in the aforementioned conduct with the intent to cause her severe emotional distress or at least without regard for the consequences on Plaintiff's career, livelihood, and his emotional wellbeing.

53.     The FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will

1   continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and

2   costs.

3       54.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this

4   Court.

### VIII.

### FOURTH CAUSE OF ACTION

**(Failure to Accommodate Disability in Violation of the FEHA)**

**(On Behalf of Plaintiff Against All Defendants)**

9       55.    Plaintiff realleges and incorporates by reference paragraphs 1-54, inclusive, of this

10  Complaint as though fully set forth herein.

11      56.    At times relevant to this lawsuit, Plaintiff was an employee of the Company with certain

12  medical conditions which are protected under the FEHA.   California Government Code section

13  12940(m) makes it unlawful "[f]or an employer or other entity . . . to fail to make reasonable

14  accommodation for the known physical or mental disability of an applicant or employee."

15      57.    As set forth more fully in paragraph 7-18 above, Plaintiff was disabled while employed

16  by the Company. During his employment, Plaintiff suffered from, and continues to suffer from, various

17  medical conditions that limited his ability to work, including, but not limited to, diabetes, hypertension,

18  extremely high/elevated white cell count and nervous system issues. These medical conditions required

19  Plaintiff to take time off from work to obtain treatment and/or recover from the conditions and related

20  symptoms. The Company was made aware of Plaintiff's physical disabilities because he informed them

21  and asked for reasonable accommodations during his employment, *i.e.*, intermittent leave from work.

22      58.    As such, Plaintiff was willing and able to perform the essential job duties of his position

23  if such reasonable accommodations had been made by the Company.  Indeed, at no time would the

24  performance of the functions of Plaintiff's employment position, with said reasonable accommodations

25  for Plaintiff's physical disabilities, have been a danger to Plaintiff's or any other person's health or safety,

26  nor would it have created an undue hardship to the operation of the Company's business.

27      59.    As set forth in paragraphs 7-18 above, Plaintiff sought reasonable accommodations, *i.e.*,

28  intermittent leave from work.  The Company seemed to grant him the accommodations, but ultimately

COMPLAINT FOR DAMAGES

**EXHIBIT A - PAGE 15**

discipline him repeatedly and then terminated his employment based in part on absences they knew were related to his disabilities and they knew he had made efforts to report them to Cigna in addition to the Company (and in some cases, he did in fact report them to Cigna and they were approved).

60.     As a proximate result of the Employers' conduct, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

61.     Such conduct by the Company, as described in paragraphs 7-18 above, was performed or ratified by its Managing Agents. The Managing Agents were each responsible for overseeing a substantial portion of the Company's business operations, and each exercised substantial discretionary authority over vital aspects of such operations including making significant decisions that affect the Company's internal policies.

62.     In committing the foregoing acts as set forth above in paragraphs 7-18 above, the Managing Agents willfully disregarded Plaintiff's right to be free from unlawful discrimination and retaliation at the workplace. Among other things, the Managing Agents repeatedly disciplined Plaintiff for CFRA/FMLA absences that he insists were properly reported to the Company and Cigna (and some of which had clearly been approved by Cigna) and then unlawfully terminated his employment based in part on these absences that it knew were related to his physical disabilities.

63.     The Managing Agents engaged in malicious, fraudulent, and oppressive conduct that justifies an award of punitive damages. In committing the foregoing acts as set forth in paragraphs 7-18 above, the Managing Agents acted despicably and subjected Plaintiff to cruel and unjust hardship in conscious disregard for her rights under California law. By way of example, the Managing Agents terminated his employment because they wanted to punish him for, *inter alia*, having physical disabilities that burdened the Company and requesting reasonable accommodations for those disabilities. The Managing Agents' conduct demonstrates a callous indifference for the law and Plaintiff's rights.

64.     In committing the foregoing acts as set forth in paragraphs 7-18 above, the Managing Agents intended to cause emotional and financial injury to Plaintiff. The Managing Agents discriminated

- 14 -
COMPLAINT FOR DAMAGES

1  and retaliated against Plaintiff based in part on his physical disabilities and requests for accommodations

2  for such disabilities.  The Managing Agents engaged in the aforementioned conduct with the intent to

3  cause her severe emotional distress or at least without regard for the consequences on Plaintiff's career,

4  livelihood, and his emotional wellbeing.

5      65.    The FEHA provides for an award of reasonable attorneys' fees and costs incurred by a

6  prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue

7  to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will

8  continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and

9  costs.

10     66.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this

11  Court.

12                              **IX.**

13                    **FIFTH CAUSE OF ACTION**

14     **(Failure to Engage in the Interactive Process in Violation of the FEHA)**

15          **(On Behalf of Plaintiff Against All Defendants)**

16     67.    Plaintiff realleges and incorporates by reference paragraphs 1-66, inclusive, of this

17  Complaint as though fully set forth herein.

18     68.    California Government Code section 12940(n) makes it unlawful "[f]or an employer or

19  other entity covered by this part to fail to engage in a timely, good faith interactive process with the

20  employee or applicant to determine effective reasonable accommodations, if any, in response to a request

21  for reasonable accommodation by an employee or applicant with a known physical or mental disability

22  or known medical condition."

23     69.    California Government Code section 12926.1(e) states "The Legislature affirms the

24  importance of the interactive process between the applicant or employee and the employer in determining

25  a reasonable accommodation, as the requirement has been articulated by the Equal Employment

26  Opportunity Commission in its interpretive guidance of the Americans with Disabilities Act."

27     70.    As set forth more fully in paragraph 7-18 above, Plaintiff was disabled while employed

28  by the Company. During his employment, Plaintiff suffered from, and continues to suffer from, various

1   medical conditions that limited his ability to work, including, but not limited to, diabetes, hypertension,

2   extremely high/elevated white cell count and nervous system issues. These medical conditions required

3   Plaintiff to take time off from work to obtain treatment and/or recover from the conditions and related

4   symptoms. The Company was made aware of Plaintiff's physical disabilities because he informed them

5   and asked for reasonable accommodations during his employment, *i.e.*, intermittent leave from work.

6       71.     As set forth in paragraphs 7-18 above, Plaintiff informed the Company of his physical

7   disabilities and requested reasonable accommodations. However, the Company repeatedly disciplined

8   Plaintiff and then terminated his employment based in part on absences directly related to his disabilities

9   that he had in good faith reported to the Company and Cigna pursuant to the Company's policies. The

10  Company was aware of these absences and the fact that they were related to his disabilities, yet they

11  failed to work with Plaintiff in good faith to ensure they could be appropriately processed and approved

12  by Cigna and then provide the accommodations to him as required by California Government Code

13  sections 12940(n) and 12926.1(e). Instead, the Company disciplined him and ultimately terminated his

14  employment despite his efforts to follow Company protocol.

15      72.     As a proximate result of the Company's conduct, Plaintiff has suffered and will continue

16  to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according

17  to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including

18  nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain,

19  discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

20      73.     Such conduct by the Company, as described in paragraphs 7-18 above, was performed or

21  ratified by its Managing Agents. The Managing Agents were each responsible for overseeing a

.22 substantial portion of the Company's business operations, and each exercised substantial discretionary

23  authority over vital aspects of such operations including making significant decisions that affect the

24  Company's internal policies.

25      74.     In committing the foregoing acts as set forth above in paragraphs 7-18 above, the

26  Managing Agents willfully disregarded Plaintiff's right to be free from unlawful discrimination and

27  retaliation at the workplace. Among other things, the Managing Agents repeatedly disciplined Plaintiff

28  for CFRA/FMLA absences that he insists were properly reported to the Company and Cigna (and some

- 16 -
COMPLAINT FOR DAMAGES

1   of which had clearly been approved by Cigna) and then unlawfully terminated his employment based in

2   part on these absences that it knew were related to his physical disabilities.

3      75.   The Managing Agents engaged in malicious, fraudulent, and oppressive conduct that

4   justifies an award of punitive damages.  In committing the foregoing acts as set forth in paragraphs 7-18

5   above, the Managing Agents acted despicably and subjected Plaintiff to cruel and unjust hardship in

6   conscious disregard for her rights under California law.  By way of example, the Managing Agents

7   terminated his employment because they wanted to punish him for, *inter alia*, having physical disabilities

8   that burdened the Company and requesting reasonable accommodations for those disabilities.  The

9   Managing Agents' conduct demonstrates a callous indifference for the law and Plaintiff's rights.

10     76.   In committing the foregoing acts as set forth in paragraphs 7-18 above, the Managing

11  Agents intended to cause emotional and financial injury to Plaintiff. The Managing Agents discriminated

12  and retaliated against Plaintiff based in part on his physical disabilities and requests for accommodations

13  for such disabilities.  The Managing Agents engaged in the aforementioned conduct with the intent to

14  cause her severe emotional distress or at least without regard for the consequences on Plaintiff's career,

15  livelihood, and his emotional wellbeing.

16     77.   The FEHA provides for an award of reasonable attorneys' fees and costs incurred by a

17  prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue

18  to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will

19  continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and

20  costs.

21     78.   Plaintiff has been generally damaged in an amount within the jurisdictional limits of this

22  Court.

### X.

### SIXTH CAUSE OF ACTION

#### (Violation of the CFRA)

#### (On Behalf of Plaintiff Against All Defendants)

27     79.   Plaintiff realleges and incorporates by reference paragraphs 1-78, inclusive, of this

28  Complaint as though fully set forth herein.

80.     At all times herein mentioned, the FEHA, Government Code sections 12900-12996, was in full force and effect and was binding on the Center.  This included Government Code section 12945.2 *et seq.* which is commonly referred to as the California Family Rights Act ("CFRA").  CFRA requires that the Center refrain from discriminating or retaliating against any employee on the basis of that employee's need to take leave to tend to his or her own serious medical condition or having taken such leave (*see* Government Code §§ 12945.2 (a) and (l)).

81.     Pursuant to the CFRA, the Center was required to allow Plaintiff up to twelve (12) work-weeks of leave (which could be intermittent leave) for a qualifying leave, the right to preservation of benefits during the leave period, the right to reinstatement upon completion of the protected leave, and the prohibition against retaliation for exercising Plaintiff's rights.

82.     At the relevant times mentioned herein, Plaintiff was eligible to take leave under CFRA, as he was employed by the Center for at least a year and had worked more than 1250 hours in the immediately preceding 12 months and had not exhausted the twelve (12) work-weeks of leave guaranteed by the CFRA.  Due to Plaintiff's physical disabilities and related conditions, he required continuing treatment and/or supervision by his treating physicians.

83.     Plaintiff exercised his right to take CFRA leave by providing notice to the Employers of his serious medical conditions and/or physical disabilities and the need for certain leave time.

84.     Plaintiff believes and thereon alleges that the Company interfered with his right to take CFRA leave for the reasons set forth in paragraphs 7-18 above.  In addition, Plaintiff believes and thereon alleges that the Company retaliated against him for exercising his right to take CFRA leave as set forth in paragraphs 7-18 above when it repeatedly disciplined Plaintiff and then terminated his employment on questionable grounds based in part on days that were covered by his CFRA-approved leave.

85.     As a proximate result of the Company's conduct, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

86.     Such conduct by the Company, as described in paragraphs 7-18 above, was performed or

- 18 -
COMPLAINT FOR DAMAGES

**EXHIBIT A - PAGE 20**

1   ratified by its Managing Agents. The Managing Agents were each responsible for overseeing a
2   substantial portion of the Company's business operations, and each exercised substantial discretionary
3   authority over vital aspects of such operations including making significant decisions that affect the
4   Company's internal policies.

5       87.     In committing the foregoing acts as set forth above in paragraphs 7-18 above, the
6   Managing Agents willfully disregarded Plaintiff's right to be free from unlawful discrimination and
7   retaliation at the workplace. Among other things, the Managing Agents repeatedly disciplined Plaintiff
8   for CFRA/FMLA absences that he insists were properly reported to the Company and Cigna (and some
9   of which had clearly been approved by Cigna) and then unlawfully terminated his employment based in
10  part on these absences that it knew were related to his physical disabilities.

11      88.     The Managing Agents engaged in malicious, fraudulent, and oppressive conduct that
12  justifies an award of punitive damages. In committing the foregoing acts as set forth in paragraphs 7-18
13  above, the Managing Agents acted despicably and subjected Plaintiff to cruel and unjust hardship in
14  conscious disregard for her rights under California law. By way of example, the Managing Agents
15  terminated his employment because they wanted to punish him for, *inter alia*, having physical disabilities
16  that burdened the Company and requesting reasonable accommodations for those disabilities. The
17  Managing Agents' conduct demonstrates a callous indifference for the law and Plaintiff's rights.

18      89.     In committing the foregoing acts as set forth in paragraphs 7-18 above, the Managing
19  Agents intended to cause emotional and financial injury to Plaintiff. The Managing Agents discriminated
20  and retaliated against Plaintiff based in part on his physical disabilities and requests for accommodations
21  for such disabilities. The Managing Agents engaged in the aforementioned conduct with the intent to
22  cause her severe emotional distress or at least without regard for the consequences on Plaintiff's career,
23  livelihood, and his emotional wellbeing.

24      90.     .CFRA provides for an award of reasonable attorneys' fees and costs incurred by a
25  prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue
26  to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will
27  continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and
28  costs.

- 19 -
COMPLAINT FOR DAMAGES

91.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## XI.

### SEVENTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

### (On Behalf of Plaintiff Against All Defendants)

92.     Plaintiff realleges and incorporates by reference paragraphs 1-91, inclusive, of this Complaint as though fully set forth herein.

93.     The Company terminated Plaintiff's employment in violation of important and well-established public policies, as set forth in various state statutes and Constitutional provisions including, but not limited to, the FEHA and the CFRA.

94.     As a proximate result of the Company's conduct, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

95.     Such conduct by the Company, as described in paragraphs 7-18 above, was performed or ratified by its Managing Agents. The Managing Agents were each responsible for overseeing a substantial portion of the Company's business operations, and each exercised substantial discretionary authority over vital aspects of such operations including making significant decisions that affect the Company's internal policies.

96.     In committing the foregoing acts as set forth above in paragraphs 7-18 above, the Managing Agents willfully disregarded Plaintiff's right to be free from unlawful discrimination and retaliation at the workplace. Among other things, the Managing Agents repeatedly disciplined Plaintiff for CFRA/FMLA absences that he insists were properly reported to the Company and Cigna (and some of which had clearly been approved by Cigna) and then unlawfully terminated his employment based in part on these absences that it knew were related to his physical disabilities.

97.     The Managing Agents engaged in malicious, fraudulent, and oppressive conduct that justifies an award of punitive damages.  In committing the foregoing acts as set forth in paragraphs 7-18 above, the Managing Agents acted despicably and subjected Plaintiff to cruel and unjust hardship in conscious disregard for her rights under California law.  By way of example, the Managing Agents terminated his employment because they wanted to punish him for, *inter alia*, having physical disabilities that burdened the Company and requesting reasonable accommodations for those disabilities.  The Managing Agents' conduct demonstrates a callous indifference for the law and Plaintiff's rights.

98.     In committing the foregoing acts as set forth in paragraphs 7-18 above, the Managing Agents intended to cause emotional and financial injury to Plaintiff.  The Managing Agents discriminated and retaliated against Plaintiff based in part on his physical disabilities and requests for accommodations for such disabilities.  The Managing Agents engaged in the aforementioned conduct with the intent to cause her severe emotional distress or at least without regard for the consequences on Plaintiff's career, livelihood, and his emotional wellbeing.

99.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## XIII.

### **PRAYER FOR RELIEF**

1.      For general damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

2.      For special damages, according to proof on each cause of action for which such damages are available.

3.      For compensatory damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

4.      For punitive damages, according to proof on each cause of action for which such damages are available.

5.      For declaratory and injunctive relief as appropriate.

6.      For prejudgment interest and post-judgment interest according to law.

- 21 -
COMPLAINT FOR DAMAGES

1       7.     For reasonable attorneys' fees incurred in this action pursuant to the FEHA, the CFRA

2  and California Code of Civil Procedure § 1021.5.

3       8.     For reinstatement and other damages which are available pursuant to Labor Code section

4  233.

5       9.     For costs of suit incurred in this action.

6       10.    For such other and further relief that the Court deems proper and just.

7

8  Dated: June 29, 2021              RISE LAW FIRM, P.C.

9

10                       By: _____

                            ELIOT J. RUSHOVICH

11                       LISA M. WATANABE-PEAGLER

                            ELISSA A. WAIZMAN

12                       Attorneys for Plaintiff JOSE ARECHIGA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2    Plaintiff Jose Arechiga hereby demands a trial by jury on all causes of action alleged herein in

3  this Complaint for Damages.

4

5    Dated:   June 29, 2021                RISE LAW FIRM, P.C.

6                                          By: _____

7                                          ELIOT J. RUSHOVICH
                                           LISA M. WATANABE-PEAGLER
8                                          ELISSA A. WAIZMAN

9                                          Attorneys for Plaintiff JOSE ARECHIGA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 23 -
COMPLAINT FOR DAMAGES

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 29, 2021

Lisa Watanabe-Peagler
8383 Wilshire Boulevard, Suite 315
Beverly Hills, California 90211

RE:   **Notice to Complainant's Attorney**
DFEH Matter Number: 202106-14027729
Right to Sue: Arechiga / Americold Logistics, LLC

Dear Lisa Watanabe-Peagler:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency —         GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**      KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 29, 2021

RE: **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202106-14027729
      Right to Sue: Arechiga / Americold Logistics, LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete. To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

June 29, 2021

Jose Arechiga
c/o Rise Law Firm, PC, 8383 Wilshire Blvd., Suite 315
Beverly Hills, California 90211

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202106-14027729
Right to Sue: Arechiga / Americold Logistics, LLC

Dear Jose Arechiga:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 29, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

en



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jose Arechiga                                                      DFEH No. 202106-14027729

Complainant,

vs.

Americold Logistics, LLC
10 Glenlake Parkway, 600 South Tower
Atlanta, Georgia 30328

Respondents

_____

**1**. Respondent **Americold Logistics, LLC** is an **employer Americold Logistics, LLC** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Jose Arechiga**, resides in the City of **Beverly Hills**, State of **California.**

**3**. Complainant alleges that on or about **March 19, 2019**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), family care or medical leave (cfra) and as a result of the discrimination was terminated, reprimanded, suspended, denied reasonable accommodation for a disability, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, reprimanded, suspended, denied reasonable accommodation for a disability, denied family care or medical leave (cfra).

**Additional Complaint Details:** Plaintiff was employed by the Company from December 1, 2010 until the termination of his employment on March 19, 2019. Americold provides temperature-controlled warehousing and transportation to food producers, restaurants,

-1-
*Complaint – DFEH No. 202106-14027729*

Date Filed: June 29, 2021

1  schools, and retail outlets such as grocery stores. Throughout his employment, Plaintiff
2  worked as a Lift Truck Operator ("LTO") at the Company's warehouse facility in Ontario, California.

3  During his employment, Plaintiff suffered from, and continues to suffer from, various medical
4  conditions that limited his ability to work, including, but not limited to, diabetes, hypertension, extremely high/elevated white cell count and nervous system issues.  These medical
5  conditions required Plaintiff to take time off from work to obtain treatment and/or recover from the conditions and related symptoms.

6  In 2012, Plaintiff requested, and the Company approved, CFRA/FMLA intermittent leave for
7  him to be able to seek treatment or recover from these medical conditions pursuant to his doctor's directives.  From 2012 to mid-2018, Plaintiff continued to take approved FMLA
8  intermittent leave each year (12 weeks in 2-hour increments).  In each instance, Plaintiff would complete the Company's vacation/time out form for the days and/or hours he would
9  need to take leave for and submit it to the shift supervisor.

10  Starting in September 2018, Plaintiff was informed that the Company was using the services of Cigna Leave Solutions to handle his intermittent leave.  Plaintiff was therefore advised
11  that he needed to start reporting his absences not only to the Company through a completed vacation/time off form; but also to Cigna by contacting a designated phone number (888-
12  842-4462) and leaving a message stating the date and time of his intermittent time off. Plaintiff therefore complied with the Company's directives and for each absence thereafter
13  he completed a vacation/time off form, gave it to one of the shift supervisors (typically Jenny Wilson but sometimes, Erock Gonzalez or David Rice), and then called and left a message
14  with Cigna on the designated phone number.  Over the next few months, Plaintiff had no issues and at one point, he received a letter from Cigna on or about December 6, 2018
15  confirming that the various absences he had reported in messages to Cigna from September 6 to November 19, 2018 had been approved.
16

17  On November 21, Plaintiff received a letter from Virginia Hoppe in Human Resources for the Company notifying him that he had to failed to report his absences on October 1, 3, 10, 11,
18  12, 13, 16, 22, 23, 24 as well as November 2, 8, 16, 19 and 21.  However, several of these absences had been reported and approved by Cigna as verified in its letter to Plaintiff dated
19  December 6, 2018.

20  On November 28, Plaintiff received a second letter from Hoppe stating that he had failed to report additional absences on November 23, 27 and 28.  Moreover, on December 18,
21  Plaintiff received a third letter from Hoppe stating he had failed to report his absences on November 27 and December 5, 7, 10 and 14.  Plaintiff alleges that he properly
22  reported all of the absences identified in these letters.

23  On January 10, 2019, Plaintiff was surprised to receive a verbal warning because the
24  following dates were denied by Cigna on December 31, 2018 due to "exceeding parameters:" November 27, December 5, 6, 7, 10, 11, 12, 13 and 14.  In this case, the
25  Company stated that the absences were unexcused and subject to the attendance policy. However, Plaintiff disagreed with the basis for the verbal warning because he believed he
26

27  -2-
   *Complaint – DFEH No. 202106-14027729*
28  Date Filed: June 29, 2021

1   had remaining time to cover these absences.  Plaintiff also reminded the Company that
2   most, if not all, of these absences were related to his physical disabilities.

3   Two weeks later, on January 24, 2019, Plaintiff received a written warning for failure to
    report certain dates he took for intermittent leave to Cigna.  Specifically, the written warning
    states Plaintiff failed to report his FMLA hours to Cigna for December 19, 25, 27, 29; and
4   January 2 and 3.  Once again, Plaintiff disagreed with the basis for this warning and
    repeatedly told the Company he had in fact left messages with Cigna for each of these
5   absences as he had been doing up until that point.  Plaintiff nevertheless called Cigna again
6   and left a message about the absences out of abundance of caution.

7   On February 12, 2019, Plaintiff received a second written warning for failing to report his
    CFRA/FMLA hours to Cigna for January 8, 9, 10, 15, 19, 23, 24, 25, 28 and February 5 and
8   6.  The warning was signed by Alex Silva, Luis Moreno and Ron Hatch, the General
    Manager.  The Company directed him to contact Cigna and report the hours by February 15,
9   or else he would be suspended without pay on February 20 and 21.  Once again, Plaintiff
    disagreed with the basis for this warning and repeatedly told the Company he had in fact left
10  messages with Cigna for each of these absences as he had been doing all along.
    Nevertheless, Plaintiff immediately contacted Cigna again to report these hours by the
11  deadline using the Cigna phone number stated on the warning (888-842-4462).  The
12  Company, however, still suspended his employment on February 20 and 21 without pay.

13  On February 25, 2019, Plaintiff received a letter from Julie Valentine stating that he had
    failed to report the absences he was told about on February 12; and failed to report recent
14  absences on February 19, 21 and 23.  Notably, February 21 was one of the days he was put
    on suspension.  Moreover, the letter stated that he had been given the opportunity to use
15  company phones in a private office setting in order to call Cigna to report his hours.  Plaintiff
    alleges that he had reported all the absences referenced in this letter and denies ever being
16  given an opportunity to use a company phone in a private office setting to contact Cigna at
    any time.
17
    On March 15, the Company sent in a request to terminate Plaintiff's employment that was
18  signed by Valentine, Hatch, Cathy Ledesma (Regional Director of HR) and David Goodall
    (Regional Director of Labor).
19

20  On March 19, 2019, after the termination request had been sent in, Plaintiff received another
    second written warning for failing to report his CFRA/FMLA hours to the Company for
21  February 19, 21 and 23. Once again, February 21 was one of the days he was put on
    suspension.  That same day, the Company terminated Plaintiff's employment due to his
22  absences and failure to report his hours to Cigna.  During the relevant time period, Plaintiff
23  alleges that he not only reported his hours to Cigna, but he also submitted a completed
    vacation/time off request form for each date to the Company.

24

25

26

27                                          -3-
                                 *Complaint – DFEH No. 202106-14027729*
28
    Date Filed: June 29, 2021

**EXHIBIT A - PAGE 33**

1  VERIFICATION

2  I, **Lisa M. Watanabe-Peagler**, am the **Attorney** in the above-entitled complaint.  I
3  have read the foregoing complaint and know the contents thereof.  The matters
   alleged are based on information and belief, which I believe to be true.

4
   On June 29, 2021, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                           **Los Angeles, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                              -4-
27                              *Complaint – DFEH No. 202106-14027729*

28  Date Filed: June 29, 2021